**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ECOTONE FARM, LLC, | Civil Action No. 11-05094 (KM) |
| Plaintiff, | |
| v. | |
| EDWARD A. WARD II, TOWNSHIP OF HARDING, PAUL D. FOX, NEW JERSEY CONSERVATION FOUNDATION, HARDING TOWNSHIP COMMITTEE, MARSHALL BARTLETT, LOUIS LANZEROTTI, REGINA EGEA, JAMES RYBKA, NICHOLAS PLATT, SALLY WARD, AND APGAR ASSOCIATES, | OPINION |
| Defendants. | |

**MICHAEL A. HAMMER, U.S.M.J.**

This matter comes before the Court upon two motions by plaintiff Ecotone Farm. L.L.C. ("Plaintiff" or "Ecotone"), specifically: (1) to substitute and/or add a party pursuant to Fed. R. Civ. P. 17(a) or Fed. R. Civ. P. 15 (ECF No. 23); and (2) for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a) (ECF No. 28). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below:

1. Plaintiff's cross-motion to add William R. Huff as a co-plaintiff pursuant to Fed. R. Civ. P. 17(a) (ECF No. 23) is granted; and

2. Plaintiff's motion for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a) (ECF No. 28) is granted in part and denied in part.

1

## I.     BACKGROUND

This action concerns a 31.35 acre tract of land in Harding Township (the "Property") and two easements that were granted with respect to the Property by the Property's prior owners.  At issue with respect to Plaintiff's present cross-motion and motion is whether Plaintiff should be permitted to (i) substitute or add the owner of the Property as plaintiff; and (ii) amend the Amended Complaint[1] to add additional factual allegations and claims against defendant Sally Ward ("Mrs. Ward") and to clarify its standing to pursue this action.

The Property is currently owned by William R. Huff ("Mr. Huff"), who purchased the Property in 1987.  Br. Opp. Municipal Defs. Motion to Dismiss 4 (ECF No. 25).  Mr. Huff, however, is not the plaintiff in this action.  Rather, the entity that instituted this lawsuit is the "qualifying commercial farming entity" that conducts "ongoing farming activities" on the Property, namely Ecotone.  Id.  Mr. Huff is the managing member of Ecotone.  Id.  Mr. Huff apparently assigned his claims against Defendants[2] to Ecotone, and also granted Ecotone a power of attorney to pursue his claims against Defendants.  Id.  Ecotone is also, however, purportedly pursuing the claims asserted in the Amended Complaint on its own behalf.  Id.

Located on the Property are Mr. Huff's single-family home and two framed barns.  Id.  These structures have been undergoing renovations since 2008.  Id.  Defendants Edward A. Ward II ("Mr. Ward") and his wife, Sally Ward (the "Ward Defendants"), own an adjoining parcel of land that does not have access to the main road.  Br. Supp. Municipal Defs. Mot.

---

[1] Plaintiff filed the original complaint on September 1, 2011. Compl., (ECF No. 1).  On March 2, 2012, Plaintiff filed an amended complaint ("Amended Complaint").  Am. Compl., (ECF No. 12).

[2] "Defendants," as used herein, refers to Mr. Ward, Mrs. Ward, the Township of Harding, Paul D. Fox, New Jersey Conservation Foundation, Harding Township Committee, Marshall Bartlett, Louis Lazerotti, Regina Egea, James Rybka, Nicholas Platt, and Apgar Associates.

Dismiss 4, ECF No. 14-5.  Thus, the Property's prior owner, Muriel Jarvis ("Jarvis"), granted

Mr. Ward an ingress/egress easement to use Mr. Huff's driveway in order to reach the main road.

Id.  The driveway passes next to Mr. Huff's barns and is close to the areas where Mr. Huff

conducted certain "renovation-related activities."   Id.  It is these "renovation-related activities"

that form the basis of the instant dispute—Ecotone contends that the Defendants wrongfully

interfered with its rights in connection with the renovation of the Property, while Defendants

argue that Mr. Huff's activities violate a conservation easement that pertains to the Property and

interfere with the Ward Defendants' ingress/egress easement.

 A.  <u>Plaintiff's Crossclaim to Substitute and/or Add a Party</u>

 Each of the Defendants filed a motion to dismiss the Amended Complaint and argued,

among other things, that Ecotone lacks standing to pursue its § 1983, constitutional and common

law claims because these claims sound in tort and tort claims are not assignable in New Jersey.[3]

In response, Ecotone argued that it does, indeed, have standing to pursue these claims, both

independently and pursuant to the assignment of claims and power of attorney granted to

Ecotone by Mr. Huff.  Opp. NJCF Motion Dismiss 6, 9 (ECF No. 23-1).

 In the alternative, Ecotone argued that if this Court determines that Ecotone lacks

standing, it should grant Ecotone leave to amend to substitute or add Mr. Huff as a plaintiff

pursuant to Rule 17(a) and Rule 15.  <u>Id.</u> at 15.  Ecotone argued that it filed the Amended

---

[3] Specifically, Defendants argued Ecotone lacks standing to pursue each of the following Counts: Counts One through Seven (§ 1983), Count Four (§ 1985), Counts Five through Seven (New Jersey Constitution), Count Nine (Civil Conspiracy), Count Eleven (Prima Facie Tort), Count Twelve (Malicious Prosecution) and Count Thirteen (Abuse of Process).  Municipal Defs. Br. Supp. Motion to Dismiss 12, (ECF No. 14-5); NJCF Br. Supp. Motion to Dismiss 6, (ECF No. 15-3); Def. Ward Br. Supp. Motion to Dismiss 8, (ECF No. 16-1).

Complaint in good faith based on what it believed, according to federal and state law precedent, to be a valid assignment and power of attorney granted to Ecotone by Mr. Huff.  Id.

Fed. R. Civ. P. 17(a)(3)  provides that "[a]n action must be prosecuted in the name of the real party in interest" and that an action may not be dismissed "for failure to prosecute in the name of the real party in interest until, after objection, a reasonable time has been allowed for the real party in interest to ratify, join, be substituted in the action."  The Rule goes on to state that ratification, joinder or substitution is to have the same effect as if the action had been commenced in the name of the real party in interest at the outset.  Id.  Rule 17(a)(3) is designed to avoid the forfeiture of just claims when the incorrect party was named as plaintiff.  Advanced Magnetics v. Bayfront Partners, Inc., 106 F.3d 11, 19-20 (2d Cir. 1997) (quoting Fed. R. Civ. P. Advisory Committee Notes (1996) ("Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . .").  In such circumstances, "there plainly should be no dismissal where 'substitution of the real party in interest is necessary to avoid injustice[.]'"  Advanced Magnetics, 106 F.3d at 20 (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1555 (3d ed. 2012).

The Court finds that the decision to sue in the name of Ecotone was a strategic and tactical decision intentionally undertaken by Ecotone with the assistance of Mr. Huff.[4]  However, it is equally clear to this Court that the addition of Mr. Huff as a co-plaintiff in this matter is necessary to avoid injustice.  This case is complex enough without interposing the additional

---

[4]  The fact that Ecotone made a strategic and tactical decision, without more, does not automatically make Rule 17(a)(3) inapplicable.  Advanced Magnetics, 106 F.3d at 20.  The Rule may still apply in circumstances where there was an honest mistake, as Ecotone argued is the case here, as to the legal effectiveness of the devices that a party believed conferred standing, for example, an assignment.  Id.

complication of pursuing the action pursuant to a power of attorney or an assignment, which may or may not be legally permissible legal devices.  By permitting the joinder of Mr. Huff, each of the real parties in interest may pursue its own claims, and those named as Defendants may assert their own claims and defenses without unnecessary legal gyrations.

The issue of Ecotone's standing to pursue claims under an assignment and power of attorney granted by Mr. Huff has unnecessarily complicated and confounded this matter.  The Court notes that Ecotone itself has taken contradictory positions as to how it is proceeding and the necessity of Mr. Huff's joinder in this action.  For example, Ecotone first argued that *substitution* of Mr. Huff is appropriate under Rule 17(a)(3) because Mr. Huff may be the real party in interest.  Br. Opp. NJCF Motion Dismiss 16 (ECF No. 23-1).  Yet, Ecotone later filed a motion to amend that neither sought to add nor join Mr. Huff, even as a co-plaintiff, but asserted that Ecotone is proceeding "on behalf of" Mr. Huff, as well as independently.  Br. Supp. Motion Amend, (ECF No. 28-1).  Moreover, in the original complaint, Ecotone alleged:  "Ecotone brings this action *in accordance with a power of attorney granted to Ecotone by Mr. Huff.*"  Compl.¶ 6, (ECF No. 1) (emphasis added).  In the Amended Complaint, Ecotone alleged: "Ecotone brings this action *in accordance with an assignment granted to Ecotone by Mr. Huff.*"  Am. Compl.¶ 17, (ECF No. 1) (emphasis added).  Finally, in the Proposed Second Amended Complaint, Ecotone alleged: "Ecotone brings this action *both independently and on behalf of Mr. Huff,* in accordance with *an assignment <u>and</u> a power of attorney* granted to Ecotone by Mr. Huff." Rolnick Decl. Ex 1, Prop. Second Am. Compl. ¶ 17 (ECF No. 28-2) (emphasis added).  It is clear

to this Court that the addition of Mr. Huff as a co-plaintiff, and permitting him to pursue the claims for which he is the real party in interest, is necessary to avoid the possibility of injustice.[5]

Ecotone's motion to add Mr. Huff as a co-plaintiff pursuant to Fed. R. Civ. P. 17(a) is granted.

B.   Plaintiff's Motion to Amend the Complaint

**1.  Standard of Review**

Fed. R. Civ. P. 15(a) allows a party to amend its pleadings by leave of court when justice so require.  Rule 15(a) provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993).  The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).  The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted.  Foman v. Davis, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

---

[5] Although the Court shall permit the addition of Mr. Huff as a co-plaintiff, it makes no findings or comments on Ecotone's standing and whether it suffered an independent harm, as it alleged. That argument is left for another day.

A proposed amendment may be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d at 115.  Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.  To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 225, 234 (3d Cir. 2008).  "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005).

### 2. Ecotone's Motion to Amend the Amended Complaint to Assert Additional Factual Allegations and Claims Against Mrs. Ward

Ecotone seeks to add an additional cause of action, as well as supporting allegations, against Mrs. Ward, alleging that Mrs. Ward breached a settlement agreement that was entered into between Mr. and Mrs. Huff, on the one hand, and Mr. and Mrs. Ward, on the other hand, and embodied in a May 14, 1998 Order of the Superior Court of New Jersey (the "Settlement Agreement").  Rolnick Decl. Ex. 3 (ECF No. 28-1).

Ecotone alleged that Mrs. Ward submitted a declaration in support of her motion to dismiss the Amended Complaint that revealed that Mrs. Ward had been, for years, violating the terms of the Settlement Agreement.  Br. Supp. Motion Amend 2 (ECF No. 28-1).  Specifically, the Settlement Agreement prohibited the parties from taking photographs or video of each other or each other's property:  "The parties agree that neither side will take photographs or videotape the property of the other, of the children of the other or of them as individuals.  There's no need to take photographs or videotapes of any kind.  And so the parties can live without concern for

7

any photographing or videotapes of the others family or property."  Rolnick Decl. Ex. 3 (ECF
No. 28-1).  However, in her declaration, Mrs. Ward produced photographs of Mr. Huff's
property and renovations thereto, which she admittedly had been taking for years.  Decl. Sally
Ward ¶¶ 12-27 (ECF No. 16-2).  In addition, Ecotone argued that Mrs. Ward further breached
the Settlement Agreement by attaching and quoting from a December 31, 1996 decision by the
Superior Court of New Jersey in a separate litigation between the Wards and the Huffs.  Br.
Supp. Motion Amend 4 (ECF No. 28-1).  According to Ecotone, this decision was to be vacated
and withdrawn as part of the Settlement Agreement and, therefore, Mrs. Ward's use of that
decision is an "actionable violation of that parties' settlement agreement."  Id.[6]

In light of the Court's decision to permit Mr. Huff to be added as a co-plaintiff, the Court
shall also permit the addition of a claim and factual allegations regarding an alleged breach of the
Settlement Agreement.  Although Ecotone lacks standing to pursue this claim insomuch as
Ecotone was not a party to the Settlement Agreement,[7] the claim is viable if asserted by Mr.
Huff.

---

[6]  Ms. Ward briefly responds to Plaintiff's position in her Reply to Plaintiff's Opposition to her
Motion to Dismiss (ECF No. 32).  Ms. Ward's sole opposition to the new claim is that if the
Court grants her motion to dismiss, then the Court would have no basis to exercise supplemental
jurisdiction over this breach of contract claim, which is a state law claim. Ward Reply (ECF No.
32) at 12.  This argument is premature.  As a matter of the well-pled complaint rule, Plaintiff has
stated a viable cause of action.  The Defendants' motions to dismiss remain pending.  If they
should prevail, then Defendants can raise any argument regarding supplemental jurisdiction at
that time.

[7] Settlement agreements are contracts that must be interpreted pursuant to the principles of
contract law, and a non-parties cannot seek enforcement of a contract unless it "clearly appear[s]
that the contract was made by the parties with the intention to benefit the third party" and that
"the parties to the contract intended to confer upon [the third-party] the right to enforce it."
Town of Kearny v. New Jersey Rail Carriers, LLC, A-1304-04T5, 2005 WL 2363101 (N.J.
Super. Ct. App. Div. Sept. 28, 2005) (citations omitted).  Therefore, Ecotone's proposed claim
against Mrs. Ward is futile because Ecotone, as a non-party, lacks standing to enforce the
Settlement Agreement.

Thus, Ecotone's motion for leave to amend the Amended Complaint to assert an additional claim against Mrs. Ward—Count Fifteen of the Proposed Second Amended Complaint—is granted.

### 3. Ecotone's Motion to Amend the Amended Complaint to Assert Additional Factual Allegations Regarding Its Standing to Sue

Finally, Ecotone seeks leave to assert additional factual allegations regarding its standing to proceed with the instant lawsuit.  Specifically, Ecotone endeavors to add a single allegation clarifying that not only does Ecotone have independent standing to pursue this action, but that it is also pursuing this action pursuant to a power of attorney granted to it by Mr. Huff.  Br. Supp. Motion Amend 4 (ECF No. 28-1).  In light of the addition of Mr. Huff as co-plaintiff, Ecotone's proposed amendments are moot.  Therefore, Ecotone's motion to amend the Amended Complaint to assert additional factual allegations regarding its standing to sue is denied.

## III.   CONCLUSION

For the reasons above, Ecotone's cross-motion to add Mr. Huff as a co-plaintiff is granted and its motion for leave to file a Second Amended Complanit is granted in part and denied in part.  An appropriate order accompanies this Opinion.

Dated: February 11, 2013                          s/ Michael A. Hammer

                                                  **Hon. Michael A. Hammer**
                                                  **United States Magistrate Judge**