**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ECOTONE FARM, LLC, et al.,** | Civ. No. 2:11-5094 |
| **Plaintiffs** | (KM)(MAH) |
| vs. | |
| **EDWARD A. WARD, et al.,** | **MEMORANDUM OPINION and ORDER** |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of Defendants New Jersey Conservation Foundation ("NJCF") (ECF no. 102) and Sally Ward (ECF no. 105) to dismiss the Second Amended Complaint (referred to as the "Complaint" and cited as "2AC"). NJCF and Ward (as well as the other defendants) filed motions to dismiss the First Amended Complaint. (ECF nos. 15, 16) In a prior order and opinion (ECF no. 91), I dismissed the federal claims and declined to exercise pendent jurisdiction over the state law claims. The U.S. Court of Appeals for the Third Circuit reversed much of that order and restored the federal claims. *Ecotone Farm L.L.C. v. Ward,* 2016 WL 335837 (3d Cir. Jan. 28, 2016). The merits of the state law claims therefore have not yet been addressed. Accordingly, these two defendants have renewed their applications to dismiss the state law causes of action against them.[1] For the reasons stated herein, the motions are denied.

---

[1] The currently operative Second Amended Complaint added allegations against Ms. Ward that were not present when my prior order was entered. *See* Opinion of

1

NJCF seeks dismissal of three counts: civil conspiracy (Count 9); declaratory judgment (Count 10); and prima facie tort (Count 11). Sally Ward seeks dismissal of three overlapping counts: civil conspiracy (Count 9); prima facie tort (count 11); and breach of a prior settlement agreement (Count 15), to the extent it rests on submissions to this Court which are protected by the litigation privilege.[2]

This opinion, written for the parties, assumes familiarity with my prior opinion and that of the Third Circuit. I will dispense with any recitation of the facts and procedural history.

The *Twombly/Iqbal* standards governing a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief may be granted are by now familiar. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

A short and plain statement of plaintiff's entitlement to relief will do. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also*

---

Magistrate Judge Hammer granting motion to amend first amended complaint, ECF no. 44.

[2]   Sally Ward does not move to dismiss the other count in which she is named, Count 14 (declaratory judgment regarding interference with easement).

2

*West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

I first discuss the Counts that name both of these defendants, Nos. 9 and 11, and then move to the Counts that name only one, Nos. 10 and 15.

**Civil Conspiracy (Count 9)**

> In New Jersey, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Morgan v. Union County Bd. of Chosen Freeholders*, 268 N.J. Super. 337, 364, 633 A.2d 985 (App. Div. 1993), *certif. denied*, 135 N.J. 468, 640 A.2d 850 (1994)(quoting *Rotermund v. U.S. Steel Corp.*, 474 F.2d 1139, 1145 (8th Cir. 1973)(internal quotations omitted)). "It is enough [for liability] if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Most importantly, the "gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.'" *Morgan, supra*, 268 N.J. Super. at 364, 633 A.2d 985 (quoting *Bd. of Educ. v. Hoek*, 38 N.J. 213, 238, 183 A.2d 633 (1962)); *see also Weil v. Express Container Corp.*, 360 N.J. Super. 599, 614, 824 A.2d 174 (App. Div.), *certif. denied*, 177 N.J. 574, 832 A.2d 324 (2003).

*Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177–78, 876 A.2d 253, 263 (2005).

Ms. Ward urges that, although the complaint says much about other defendants' actions in relation to the plaintiffs, it says very little about her own. A tortious agreement, however, does not require that each conspirator have

3

committed each of the overt acts encompassed by the conspiracy. *See Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414-15 (3d Cir. 2003). True, the complaint alleges many overt acts, and most did not involve Ms. Ward directly. But that is not required. Nor does the allegation that Ms. Ward took photographs in violation of a prior settlement agreement necessarily imply that she agreed to and sought to further a course of harassing conduct against plaintiffs. At the pleading stage, however, this allegation is sufficient to lend a hue of plausibility to the conspiracy allegations.

Ms. Ward points to the earlier ruling, not reversed, that the complaint failed to allege a viable conspiracy under 42 U.S.C. § 1985(3), and argues that this dismissal necessitates a dismissal of the state civil conspiracy tort claim as well. A § 1985(3) conspiracy, however, requires a class-based, discriminatory animus; a state-law civil conspiracy claim has different elements.

As to Ms. Ward, then, the motion to dismiss Count 9 is denied.

As to NJCF, the Complaint adequately alleges the existence of an agreement having as its object the commitment of common law and constitutional torts. The Complaint alleges that NJCF took baseless positions in relation to regulatory processing of Huff's land use applications. It is alleged to have colluded with the Township Engineer to further its own overbroad interpretation of the easement. That it did so in concert with Fox and Ward, to further their similar interest, is far from an inescapable inference, but it is sufficiently plausible at the pleading stage.

NJCF claims more generally that Count 9 is barred by the litigation privilege which, it says, extends "absolute immunity regarding any communications made to the Township concerning the Conservation Easement." (ECF no. 102-1 at 19) On point, says NJCF, is *Pollinger v. Loigman*, 256 N.J. Super. 257, 264, 606 A.2d 1113, 1117 (App. Div. 1992). *Pollinger*, however, confined absolute immunity to judicial or quasi-judicial proceedings,

4

and relied heavily on the fact that the challenged statements were filed in the proceeding, where their truth, or not, could be adjudicated. The Complaint here may involve some statements of that nature, but they also encompass alleged dealings behind the scenes. Whether such allegations can be proven, of course, remains to be seen, but without a factual context I cannot dismiss this Count on grounds of absolute privilege.

As to NJCF, too, the motion to dismiss Count 9 is denied.

**Prima Facie Tort (Count 11)**

> One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability.

Restatement (Second) of Torts § 870 (1979).

Prima facie tort is ill-defined. It may be seen as a gap-filler, to be used against novel or inventive conduct which, although malicious and wrongful, does not fit under any established theory. It is not, however, a mere catchall for the rescue of defective claims. *See Taylor v. Metzger*, 152 N.J. 490, 523, 706 A.2d 685 (1998) ("prima facie tort should not be invoked when the essential elements of an established and relevant cause of action are missing.") And it is not to be invoked where another, more traditional theory of relief is available. *See Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc.*, 195 N.J. 457, 470, 950 A.2d 868 (2007) ("[w]here relief may be afforded under traditional tort concepts, prima facie tort may not be invoked as a basis to sustain a pleading which otherwise fails to state a cause of action in conventional tort.")

Defendants argue that this prima facie tort claim is superfluous, given the parallel causes of action that are pled here. Still, that does not require dismissal at the pleading stage. A litigant is permitted to plead in the alternative. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more

statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.") Because other counts are going forward, there is no pressing need to address the redundancy argument; there will be time enough to narrow the theories. Whether plaintiffs have "no other cause of action" cannot be determined now. See *Taylor*, 152 N.J. at 523.[3]

The motions to dismiss Count 11 are therefore denied.

**Declaratory Judgment (Count 10)**

NJCF moves to dismiss Count 10, which seeks a declaratory judgment as to the parties' rights under the easement. There is, they say, no genuine case or controversy. See 28 U.S.C. § 2201(a); *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510 (1941). In particular, NJCF argues that the Complaint acknowledges "temporary" storage of soil and staging of construction materials, whereas the easement categorically prohibits all dumping for any length of time:

> No dumping or placing of soil or other substances or materials as landfill and no dumping or placing of trash, waste or unsightly or offensive materials shall be permitted on Tract 1 except for those materials generated from dredging the pond . . . .

(Kravitz Dec. dated March 18, 2016, Ex. A at ¶ 8).

NJCF believes it should prevail. That is different from finding, at the pleading stage, that there is no justiciable controversy. Plaintiff interprets the easement differently, and says that its authorization of, *e.g.*, replacement of existing structures implies authorization to carry on reasonable activities ancillary to the authorized construction.

The interpretation of the easement cannot be settled as a matter of law under a 12(b)(6) standard. NJCF's motion to dismiss Count 10 is denied.

---

[3]   As to this Count, NJCF also asserts the absolute litigation privilege. For the reasons stated in relation to Count 9, I will not dismiss Count 11 on those grounds.

6

**Breach of Settlement Agreement (Count 15)**

Finally, Ms. Ward moves to dismiss part of Count 15. In the course of granting leave to amend the First Amended Complaint to add Count 15 against Ms. Ward, Magistrate Judge Hammer has already subjected it to the equivalent of a Rule 12(b)(6) analysis. (ECF no. 44 at 6–9) Ms. Ward asserts an additional argument here, however. She says that the alleged breach of the settlement agreement, to the extent it consisted of her submission of allegedly confidential material to the Court, is protected by the litigation privilege. I reject that argument as the basis for a Rule 12(b)(6) dismissal, because it requires a factual context.[4]

At any rate, I see little point in slicing off parts of counts. Ms. Ward does not claim any privilege in connection with the portion of this claim that consists of taking photographs in violation of the settlement agreement.

The motion to dismiss Count 15 is therefore denied.

**ORDER**

This matter having come before the Court on the motions of Defendants New Jersey Conservation Foundation ("NJCF") (ECF no. 102) and Sally Ward (ECF no. 105) to dismiss the Second Amended Complaint; and the plaintiffs having oppositions (ECF nos. 107, 108); and the defendants having filed replies (ECF nos. 109, 110); and the Court having considered the matter without oral argument, pursuant to Rule 78, Fed. R. Civ. P.; for the reasons expressed above, and good cause appearing therefor;

IT IS this 21st day of November, 2016

---

[4] The parties cite no state court precedent on point that would require dismissal as a matter of law. An interpretation of a settlement agreement that might require a party to withhold relevant information from a court, and its interaction with the strong policy in favor of settlement, likewise present issues of interpretation that require factual development.

ORDERED that the motions to dismiss (ECF nos. 102, 105) are DENIED.

Hon. Kevin McNulty
United States District Judge